IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN SEATS,<br><br>    Plaintiff,<br><br>v.<br><br>DARREN GALLOWAY, JERRY JOHNSON, JR., and LT. BRADFORD,<br><br>    Defendants. | Case No. 23-cv-1842-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Devin Seats, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. In the Complaint, Seats alleges Defendants violated his due process rights in a disciplinary hearing. He asserts claims against them under the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Seats makes the following allegations: On December 22, 2022, Lieutenant Browning wrote a disciplinary report about Seats, charging him with assault, dangerous disturbances, and disobeying a direct order (Doc. 1, pp. 8, 16). Seats alleges that he never received notice of the disciplinary charges or the hearing (*Id.* at pp. 8-10). He was not even aware of the specific charges against him because he never received a copy of the ticket (*Id.* at p. 10). He further alleges that he was not present during the disciplinary hearing on January 4, 2023, and the hearing took place despite Seats having a grievance pending regarding the disciplinary proceedings (*Id.* at p. 9). He alleges that adjustment committee members Jerry Johnson and Lieutenant Bradford violated his due process rights by failing to provide him with notice of the hearing or allowing him to attend the hearing (*Id.* at pp. 9-10). He further alleges that Warden Darren Galloway received a grievance about the due process violations but signed off on the adjustment committee's report, despite knowledge of the violations (*Id.* at p. 8). Seats was found guilty of the charges and received three months C grade, 28 days segregation, disciplinary transfer, and six months contact visit restriction (*Id.* at p. 16).

## Discussion

Simply put, the Complaint fails to state a claim. Seats alleges that Defendants violated his due process rights when they failed to provide him with notice of the disciplinary hearing and did not allow him to attend the proceedings. "The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a

procedural due process claim, the Court undertakes a two-part analysis. *Id*. The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).

Seats alleges Defendants violated his due process rights when they disciplined him without giving him notice of the hearing or allowing him to attend. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Seats adequately alleges that he lacked advance written notice of the charges and an opportunity to appear at the hearing.

But even if an inmate's due process rights are violated, as Seats alleges here, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Seats alleges that he received three months C grade, a disciplinary transfer, contact visit restrictions, and 28 days in segregation (Doc. 1, p. 16). But demotion in grade, transfer to another

3

prison, or limitation on visitations do not invoke due process protections. *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) (a month of segregation, loss of commissary privileges, and loss of employment does not implicate a liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (demotion in status and transfer fail to raise due process concerns); *Thomas v. Ramos*, 130 F.3d 754, 761-62, n. 8 (7th Cir. 1997) (temporary stay in segregation and demotion to C-grade not atypical or significant).

Seats also alleges that he received 28 days in segregation, but typically, short stays in segregation do not implicate a liberty interest. *Thomas*, 130 F.3d at 761-62. In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Relatively short stints in segregation do not, on their own, amount to a deprivation of a liberty interest. *Thomas*, 130 F.3d at 761 (70 days not enough on its own). The Seventh Circuit has noted that a segregation stint of only 30 days is not enough to invoke due process protections. *See Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 nn. 2-3 (7th Cir. 2009) (collecting cases on the length and duration of segregation that invokes a liberty interest)). Here, it is unlikely that his 28 days in segregation would implicate a liberty interest, but Seats fails to offer any factual allegations to indicate the conditions he faced while in segregation. Such conditions may implicate a liberty interest if particularly egregious, but the allegations in the Complaint do not suggest the type of duration and conditions required to state a due

process claim. Thus, Seats fails to state a due process claim under the Fourteenth Amendment.

Seats also alleges that his equal protection rights under the Fourteenth Amendment were violated, and Defendants acted with deliberate indifference and failed to protect him, in violation of the Eighth Amendment. But Seats fails to offer any factual allegations to support such claims and only states in conclusory fashion that his rights were violated. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (To establish an equal protection claim, a plaintiff must show that he is part of a protected class, is similarly situated to members of unprotected class, and was treated differently.); *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (To state a failure to protect claim, a plaintiff must allege that he faced a substantial risk of serious harm and the defendants acted with deliberate indifference to that risk.). His conclusory statements are not enough to state any viable claim. He further alleges his rights were violated because Defendants failed to follow requirements set forth in IDOC's Administrative Code and adjustment committee hearing procedures, but such violations do not rise to the level of a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or…departmental regulations"). Seats simply fails to state any viable claim in relation to his disciplinary ticket. Thus, the Complaint is **DISMISSED without prejudice**. To the extent that Seats may be able to a raise a constitutional claim with respect to his disciplinary proceedings, the Court will allow Seats an opportunity to amend his Complaint.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim.

Seats is **GRANTED** leave to file a "First Amended Complaint" on or before **September 13, 2023**. Should Seats fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Seats's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Seats must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Seats is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Seats elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Seats is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 16, 2023

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**