IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVIN SEATS,

    Plaintiff,

v.

DARREN GALLOWAY, JERRY
JOHNSON JR., and LT. BRADFORD,

    Defendants.

Case No. 23-cv-1842-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Devin Seats, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. Seats's original Complaint, alleging Fourteenth Amendment due process violations in a disciplinary hearing, was dismissed for failure to state a claim (Docs. 1, 13). He was granted leave to file an Amended Complaint. In his First Amended Complaint, Seats again alleges constitutional violations stemming from a disciplinary ticket (Doc. 14).

    This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his First Amended Complaint, Seats makes the following allegations: On December 22, 2022, Lieutenant Browning issued Seats a disciplinary report (Doc. 14, p. 3). Seats alleges that he never received notice of the report prior to his hearing before the Adjustment Committee (*Id*.). Jerry Johnson Jr. and Lieutenant Bradford were both members of the Adjustment Committee, and Darren Galloway was the warden at Shawnee (*Id*. at pp. 3-5). They proceeded with the disciplinary hearing, despite Seats not having a copy of the disciplinary report (*Id*.). Seats also alleges that he was not present at the hearing and lacked any description of the alleged violations (*Id*.). Seats alleges the lack of notice violated both his procedural and substantive due process rights under the Fourteenth Amendment (*Id*. at p. 3). Seats also alleges that the defendants violated his Eighth Amendment rights, failed to protect him, and violated his Equal Protection rights under the Fourteenth Amendment (*Id*.).

On January 4, 2023, Seats was found guilty of the charges and received three months C grade, 28 days in segregation, a disciplinary transfer, and a six-month restriction on his contact visits (*Id*. at p. 3). Galloway signed off on the disciplinary hearing findings and punishment (*Id*.). Seats filed a grievance regarding the violation of his due process rights. The Administrative Review Board deleted a portion of the charges as unsubstantiated (*Id*.).

**Discussion**

Simply put, Seats again fails to state a viable claim regarding his disciplinary report and hearing. The Court previously found that Seats adequately alleged that Defendants Johnson and Bradford failed to provide him adequate notice of his hearing. But as the Court previously noted in dismissing Seats's original Complaint, an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In dismissing his original Complaint, the Court noted that the demotion in grade, transfer, and limitations on his visitation rights did not invoke due process protections. *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 761-62, n. 8 (7th Cir. 1997). Seats also received 28 days in segregation, but typically, short stays in segregation, on their own, do not implicate a liberty interest. *Thomas*, 130 F.3d at 761-62 (two months not enough on its own); *Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (noting that 30 days is not enough). Only if the conditions of confinement in segregation were particularly egregious would the short stay in segregation implicate a liberty interest. Seats's Amended Complaint fails to offer any additional allegations regarding his conditions in segregation (Doc. 14, p. 8). Instead, he states that he faced an atypical and significant hardship because he was placed in restrictive custody and then found guilty of the charges 14 days later (*Id.*). These allegations do not state a claim, however, because placement in investigatory segregation does not implicate a liberty interest. *Townsend v.*

3

*Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) ("[I]nmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes."). Thus, Seats again fails to state a claim.

Seats also alleges that the defendants' actions violated his substantive due process rights under the Fourteenth Amendment. But a potential substantive due process claim also fails because Seats fails to allege that he suffered substantial consequences. To implicate a substantive due process right, "the consequences [must be] sufficiently severe." See *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006); *Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994) ("Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right."). Seats fails to offer any allegations which suggest his segregation stay was sufficiently severe, nor has he alleged that the defendants knowingly made false charges against him. *See Langstrom*, 463 F.3d at 625 ("a claim against a prison official for knowingly making a false charge might best be analyzed under the principles of substantive, rather than procedural, due process").

In addition to his Fourteenth Amendment due process claims, Seats again states in conclusory fashion that his equal protection rights under the Fourteenth Amendment were violated. He also alleges the defendants acted with deliberate indifference and failed to protect him, in violation of the Eighth Amendment. He also states that his rights were violated because the defendants failed to follow IDOC Administrative Code and procedures. Seats was previously informed that he would need to offer additional factual allegations to indicate how the defendants violated his rights, but he has failed to do so.

4

His conclusory statements that the defendants' actions violated his constitutional rights still fail to state a claim. And the failure to follow administrative and internal procedures does not rise to the level of a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or…departmental regulations."); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Thus, Seats again fails to state a claim.

This is Seats's second attempt at stating a viable claim, and he has failed to do so. The Court finds that further amendment would be futile. Thus, the First Amended Complaint must be dismissed.

## Disposition

For the reasons stated above, Seats's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Seats's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Seats wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Seats does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Seats may also incur another "strike." A proper and timely motion filed

5

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  February 16, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**